IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **Civil No. SAG-06-087** |
| | * | |
| **LAMONT SANDERS,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Lamont Sanders, who is presently in Bureau of Prisons custody at USP Coleman I, has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. ECF 112. The Government filed an opposition, ECF 113, and Sanders has replied, ECF 114. The parties have also provided several supplemental filings relating to the issues presented. ECF 116, 121, 123. For the reasons that follow, Sanders's Motion is GRANTED and his term of imprisonment will be reduced to 248 months.[1]

**I.   Factual Background**

The following facts are derived from the statement of facts in support of Sanders's plea agreement, as reviewed at his rearraignment. ECF 51-1. On October 10, 2005, Sanders sold three capsules of heroin to an undercover police officer of the Baltimore City Police Department ("BPD"). *Id.* at 21-22. Police officers also observed Sanders conduct what appeared to be narcotics transactions with two other individuals. *Id.* at 22. As a result of these events, Sanders

---

[1] While this motion was pending, Sanders also filed a *pro se* motion seeking immediate compassionate release. ECF 118. Per this Court's standard procedures, that motion has been referred to the Federal Public Defender's Office for evaluation and possible supplementation. That motion, then, will be considered separately at the appropriate time.

was arrested. During a search incident to his arrest, BPD officers recovered $1,736.00 in U.S. currency from Sanders, as well as 4.32 grams of cocaine and four capsules of heroin from Sanders's car. *Id.* After Sanders was arrested, BPD officers executed a search warrant at Sanders's residence located at 629 South Beechfield Avenue in Baltimore City. *Id.* at 22. During the search, police officers located narcotics, three firearms, drug packaging materials, cutting agents, and a digital scale. *Id.* at 22-23.

Sanders pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (Count Three), possession of a firearm after sustaining a felony conviction in violation of 18 U.S.C. § 922(g) (Count Four), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Five). ECF 51-1. At sentencing on October 31, 2006, the sentencing judge, United States District Judge J. Frederick Motz, calculated Sanders's guideline range to be 322-387 months, including the consecutive 60-month sentence resulting from the § 924(c) count of conviction. Sanders qualified as both a career offender and an Armed Career Criminal, based on his criminal history and his offenses of conviction. Judge Motz sentenced Sanders to the lowest end of the guideline range: imprisonment for a term of 262 months as to Count Three; 262 months as to Count Four to run concurrent with Count Three; and 60 months as to Count Five to run consecutively to the other counts, for a total of 322 months in prison. Additionally, he imposed a term of supervised release of 8 years as to Count Three; 5 years as to Count Four to run concurrently with Count Three, and 5 years as to Count Five, also to run concurrently with Count Three. ECF 26. That original judgment remains in effect, despite a variety of filings by Sanders over the intervening years.

Sanders now seeks a reduction of his sentence to a total of 248 months imprisonment, which would represent an overall reduction of 74 months.[2]  ECF 112.

**II.     Analysis**

Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), to remedy the inequality in mandatory minimum sentences between drug trafficking offenses involving crack cocaine and those involving powder cocaine.  *See United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. Mar. 23, 2020).  In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress made those changes retroactive, and permitted courts to reduce a defendant's sentence, upon the defendant's motion, where (1) the defendant was convicted of a "covered offense," namely a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA]"; (2) the offense was committed before August 3, 2010; and (3) the defendant did not already receive a reduction under the First Step Act.  *See United States v. Robinson*, Cr. No. PJM-02-0227, 2019 WL 3867042 at *2 (D. Md. Aug. 15, 2019).  The Government concedes that Sanders meets these criteria for possible sentencing reduction.  ECF 113 at 3-4.

Eligibility to move for relief, however, does not automatically equate to a sentence reduction, but simply affords Sanders a review of the merits of his motion to determine whether the Court should exercise its discretion to impose a lesser sentence.  *See Gravatt*, 953 F.3d at 262.

---

[2] In his most recent supplement, Sanders shifted his requested relief to seek a time served sentence, largely citing to the COVID-19 pandemic.  ECF 123.  For the reasons described herein, this Court is of the view that a reduction to 248 months is appropriate because it would constitute a low-end guidelines sentence under current standards.  This Court will, of course, consider the COVID-19 pandemic and associated issues in evaluating Sanders's pending motion for compassionate release.

### a. The First Step Act Factors

18 U.S.C. § 3553(a) prescribes the factors the Court must consider in determining whether it should reduce a defendant's sentence under Sections 404(b) and 404(c) of the First Step Act. *See Wirsing*, 943 F.3d at 183; *United States v. Logan*, Cr. No. CCB-10-0203, 2019 WL 3391618 *1 (D. Md. July 26, 2019). Those factors are (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The Court may also consider the defendant's conduct since his conviction. *See Logan* at *1; *Robinson* at *5.

Beginning with the nature and circumstances of his offense, Sanders's narcotics offense involved possession with intent to distribute a relatively small quantity of crack cocaine. The most troubling facts involve the multiple firearms in the hands of a person with Sanders's significant criminal history. The Court is mindful, however, that the offense occurred almost fifteen years ago.

Sanders asks the Court to focus on the second factor, his history and characteristics, and especially his behavior throughout his incarceration, during which he has earned his GED, completed an array of meaningful programming, been transferred to a lower security classification, and served as a mentor to younger incarcerated individuals and to family members outside the prison walls. ECF 112. The Court recognizes Sanders's meaningful accomplishments during his term of imprisonment, and the support from his family and friends expressed in their letters attached to his motion. ECF 112-7 through 112-15. However, the Court also acknowledges that Sanders's disciplinary record while incarcerated has been less than stellar at times. He has a long

series of sanctioned incidents between 2007 and 2018. ECF 121-1. Several of them are less serious infractions, but he has received more significant discipline, on multiple occasions, for possession of weapons and for narcotics offenses—incidents that are particularly troubling given the reason for his incarceration in the first place. *Id.* In fact, it is the seriousness of some of his infractions that caused this Court to defer consideration of Sanders's motion for a period of six months, to assess whether he could complete two years with a clean disciplinary record. Sanders incurred no further infractions during that window, demonstrating his ability to comply with regulations and conditions when he is motivated to do so. Ultimately, then, while cognizant that there is still some risk, the Court views the history and characteristics of the defendant as weighing in favor of a sentence reduction.

As to the third factor, the need to protect the public from further crimes of the defendant, the Court hopes that it can rely upon Sanders's representation that he intends to be law-abiding in the future, with the support of his friends and family. Sanders will be well into his forties at the time of his release, which is a factor that reduces recidivism. He will also have a very significant eight-year term of supervised release, which should provide him the necessary incentive to comport his conduct to the law and the applicable conditions of supervision.

The final § 3553(a) factor is the need to avoid unwarranted sentence disparities. Without question, a person engaging in the same conduct as Sanders would receive a lesser sentence today than his total sentence of 322 months. In 2006, Judge Motz found it appropriate to sentence Sanders to the low end of the then-applicable guidelines range. As Sanders explained in his motion, because the base offense level under the career offender provision is linked to the statutory maximum penalty for the crack-cocaine offense, his guidelines range for Count Three today would

be 188 to 235 months (instead of 262 to 327 months).[3] *See* ECF 112 at 11. Reducing Sanders's sentence to the low end of that guidelines range, and adding the 60-month sentence for Count Five, results in the sentence he now seeks: 248 months in prison. By contrast, keeping his 322-month sentence intact would create an unwarranted sentence disparity when compared with persons convicted of the same offense today.

### b. The Impact of COVID-19

In addition to the factors the Court considers in a standard § 3553(a) analysis, Sanders contends that the Court should weigh the effect of the COVID-19 pandemic on his incarceration. This Court agrees with the courts that have found, in some circumstances, that the enhanced COVID-19 risks in an incarcerative setting may be one factor, but not a dispositive factor, to consider in determining whether to grant a defendant's motion for reduced sentence. *See, e.g.*, *United States v. Dennis*, Cr. No. RDB-08-0012 (D. Md. May 1, 2020) (acknowledging COVID-19 as one relevant factor in evaluating a motion for a reduced sentence pursuant to Section 404 of the First Step Act); *United States v. Proctor*, Cr. No. DKC 04-160, 2020 WL 1864584 (D. Md. Apr. 14, 2020) ("The current pandemic state of emergency is of great concern to the entire country ... Immediate release, however, is not a panacea ..."). As noted above, the COVID-19 risks, both general and specific to Sanders, can best be addressed via Sanders's pending motion for compassionate release. Absent more information about the specific risks, this Court does not find that a reduction of Sanders's sentence to time served would be as appropriate as the low-end guidelines sentence it imposes today. Moreover, if Sanders is not to be immediately released, then any lesser sentencing reduction on the basis of COVID-19 concerns would be illogical, given the

---

[3] Because Count Three carried the higher offense level, under the grouping rules that apply to the Guidelines it is the range for Count Three, not Count Four, that determined the eventual sentence.

unknowns regarding the duration of the pandemic, the emerging availability of vaccination, and other possible preventative or therapeutic advances that may develop.

### III.     Conclusion

In conclusion, after considering all of the relevant factors, this Court concludes that a reduction of Sanders's sentence to a total of 248 months of imprisonment is most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a).  Given Sanders's history of recidivism, prior poor performance on supervision, and disciplinary record while incarcerated, however, this Court declines to reduce his eight-year term of supervised release.  Instead, if Sanders performs well on supervision, his supervising officer can seek an appropriate reduction to the term of supervision in due course.  Accordingly, Sanders's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act is GRANTED.  His sentence on Counts Three and Four will be reduced to 188 months, with a consecutive 60-month term for Count Five.

An amended judgment will ISSUE.


DATED:  January 27, 2021                            /s/
                                        Stephanie A. Gallagher
                                        United States District Judge