**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| **v.** | * | **Crim. Case No.:  SAG-06-087** |
| | * | |
| **LAMONT SANDERS,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 15, 2021, this Court issued a memorandum opinion and order denying Lamont Sanders's motion for compassionate release without prejudice.  ECF 148, ECF 149.  In that opinion, this Court invited Mr. Sanders to reapply for compassionate release after one year if he maintained an infraction-free disciplinary record during that time.  ECF 148 at 9.  Mr. Sanders kept up his end of the bargain, maintaining an infraction-free record and taking advantage of the programming offered to him.  On the present record, this Court finds that the combination of the length of Mr. Sanders's sentence and his demonstrated rehabilitation constitutes an extraordinary and compelling reason justifying further consideration of compassionate release.  Moreover, the Court finds that the 18 U.S.C. § 3553(a) factors justify a reduction of his sentence to time served, with a 6-month period of home confinement added to his conditions during his 8-year term of supervised release.  Accordingly, for the reasons described below, this Court will grant Mr. Sanders's motion for compassionate release, ECF 157.

As described in greater detail in its April 15, 2021 memorandum opinion, upon receipt of a properly filed motion for compassionate release, this Court follows a three-step inquiry that considers: (1) whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; (2) whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of

a sentence reduction; and (3) whether the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)."[1]

Looking first to the presence of "extraordinary and compelling reasons," this Court reiterates that had Mr. Sanders been convicted for identical conduct today, it is likely that he would not be required to plead guilty to all three charges of conviction, and the government likely would not seek a sentencing enhancement. ECF 148 at 7-8. This Court recognizes that Mr. Sanders had an egregious criminal history and was found in possession of multiple firearms. Even so, the 248-month sentence he received more closely approximates the sentences imposed today for violent conduct, and well exceeds the typical sentencing range faced by a person in this District convicted of narcotics distribution and the associated possession of firearms. *See* ECF 132 at 8-9 (collecting cases). Clearly, sentences are meant to be final; there is no general mechanism for reducing a defendant's sentence merely because it would likely be lower if imposed under modern charging practices. However, the length of time Mr. Sanders has already served (approximately 16½ years), in combination with the overall length of the sentence imposed and his demonstrated rehabilitation, combines to create an extraordinary and compelling reason rendering him eligible for compassionate release.

The Government calls Mr. Sanders's rehabilitation into question, suggesting that his history of infractions is significant, while in contrast, his three-year period of discipline-free conduct is not. This Court disagrees. Mr. Sanders's early tenure in the Bureau of Prisons ("BOP") was fraught with problems, but his track record in recent years proves that he has matured. The

---

[1] This Court incorporates by reference its more detailed discussion of applicable legal standards described in detail in its April 15, 2021 memorandum opinion, ECF 148 at 2. As described therein, there is no dispute that Mr. Sanders has complied with the applicable procedural prerequisites to file his Motion with this Court, *see id.*

fact that a portion of that recent tenure occurred after this Court specifically indicated that it would monitor his conduct closely and would rely on his ongoing compliance to determine the propriety of his release does not, in this Court's view, undermine Mr. Sanders's accomplishment.  In fact, Mr. Sanders will face the precise inverse of that situation for the next eight years: this Court will continue to carefully monitor his conduct, and he will know that if he violates his conditions of supervised release, he will be returned to custody.  At present, Mr. Sanders has demonstrated rehabilitation insofar as he is capable of comporting his conduct to required standards and is motivated to do so.  And, as this Court noted in its earlier opinion, he has gone further, demonstrating extraordinary rehabilitation because he "earned his GED, completed an array of meaningful programming, . . . transferred to a lower security classification, and served as a mentor to younger incarcerated individuals and to family members outside the prison walls." ECF 128 at 4.

Finally, this Court incorporates by reference its earlier discussions in two prior memorandum opinions regarding the § 3553(a) factors applicable to Mr. Sanders.[2]  *See* ECF 128 at 4-7; ECF 148 at 2.  The Government suggests that despite the history and characteristics of the defendant outlined above, the § 3553(a) factors do not weigh in favor of Mr. Sanders's prompt release because he poses a continued danger to the public.  Once again, this Court disagrees.  Mr. Sanders has been incarcerated for 16 ½ years.  He is now in his mid-forties and will be subject to court supervision for eight years, until he is into his fifties.  Further, his present anticipated release date, if this Court does not reduce his sentence, is November 25, 2024.  This Court is not persuaded

---

[2] As this Court has previously noted, ECF 148 at 7, the third prong of the § 3582(c)(1)(A) analysis, the "consistency" requirement, "simply is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[ ].'"  *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (internal citations omitted).

that an additional 30 months of incarceration will make a material difference regarding whether Mr. Sanders is able to comply with the conditions of supervision or whether he poses a threat to community safety.  Despite his lengthy criminal history during his younger days and his rocky early tenure in the BOP, Mr. Sanders's present record suggests that he does not pose a significant threat to community safety, particularly under carefully crafted conditions of supervised release including an initial period of home confinement.  Accordingly, this Court believes that a sentence of "time served" is sufficient, but not greater than necessary, to address the purposes of the sentencing statute, 18 U.S.C. § 3553(a).

For the reasons set forth above, Mr. Sanders's motion for compassionate release, ECF 157, will be granted.  This Court therefore will enter an amended judgment reducing Mr. Sanders's sentence to time served, with his release subject to current BOP protocols with respect to any COVID-related quarantine that may be required.  A separate Order follows.

Dated: May 25, 2022

_____/s/_____
Stephanie A. Gallagher
United States District Judge